# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| KAREN A. STOW and R. MICHAEL STOW, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CAUSE NO. 1:11-CV-198 |
| ) | |
| WORLD KITCHEN, LLC, CORNING, INC., ) | |
| and MEIJER, INC., ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

This case was removed to this Court from the Allen Superior Court by Defendant World Kitchen based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). (Docket # 2.) The Notice of Removal alleges that on information and belief, the Plaintiffs are citizens of Indiana, Defendant Corning is a citizen of New York, and Defendant Meijer is a citizen of Michigan. (Notice of Removal ¶ 4, 6, and 7.) World Kitchen's allegations, however, are inadequate to invoke this Court's diversity jurisdiction.

"Allegations of federal subject matter jurisdiction may not be made on the basis of information and belief, only personal knowledge." *Yount v. Shashek*, 472 F. Supp. 2d 1055, 1057 n.1 (S.D. Ill. 2006) (citing *Am.'s Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992)); *Ferolie Corp. v. Advantage Sales & Mktg., LLC*, No. 04 C 5425, 2004 WL 2433114, at *1 (N.D. Ill. Oct. 28, 2004); *Hayes v. Bass Pro Outdoor World*, LLC, No. 02 C 9106, 2003 WL 187411, at *2 (N.D. Ill. Jan. 21, 2003); *Multi-M Int'l, Inc. v. Paige Med. Supply Co.*, 142 F.R.D. 150, 152 (N.D. Ill. 1992). Consequently, Defendant World Kitchen must amend its Notice of Removal to make all jurisdictional allegations on personal knowledge.

Therefore, Defendant World Kitchen is ORDERED to file an amended Notice of

Removal forthwith, alleging the citizenship of the Plaintiffs, Defendant Corning, and Defendant Meijer on personal knowledge.

SO ORDERED.

Enter for June 10, 2011

/S/ Roger B. Cosbey
Roger B. Cosbey,
United States Magistrate Judge